IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

THOMAS ETHREN  SULLIVAN                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO.  2:02cv720-KS-RHW

STATE OF MISSISSIPPI and
ROBERT JOHNSON                                             DEFENDANTS


**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

BEFORE THE COURT is the Application of Thomas Ethren Sullivan for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, filed August 23, 2002.   Respondents timely answered on

September 27, 2002,  pursuant to Rule 5 of the Rules Governing Section 2254 Cases In The

United States District Courts.   Having considered the pleadings, records on file, briefs and

arguments of the parties, and relevant legal authority, the undersigned U.S. Magistrate Judge is of

the opinion that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied.

**FACTS AND PROCEDURAL HISTORY**

On March 8, 1998, a Forrest County Circuit Court jury found Petitioner Thomas Ethren

Sullivan guilty of conspiracy and sale of amphetamine. [R. 323]  On March 11, 1998, the Court

sentenced him to serve consecutive terms of ten (10) years on the conspiracy charge and fifteen

(15) years on the sale charge in the custody of the Mississippi Department of Corrections.

Sullivan appealed, assigning as error the following:

    1.      Admission of testimony of Sara Bradley, Simone Reeves and Simpson
            County Deputy Sheriff Randy Crawford;

    2.      Allowing State's exhibits of controlled substances;

    3.      Refusing to grant mistrial after Agent Shelbourn's testimony regarding
            guilty pleas and guilty verdicts of co-defendants;

4.      Refusing to grant mistrial after prosecutor referred to defendant as a "danger to society;"

5.      Allowing re-cross examination of defendant;

6.      Refusing circumstantial evidence instructions;

7.      Refusing instruction D-14;

8.      Denying motions for new trial, directed verdict, judgment notwithstanding the verdict and jury instruction D-7;

9.      Instructing the jury to continue deliberations after being advised they were deadlocked;

10.     Cumulative effect of errors denying Sullivan a fair trial;

11.     Disproportionate sentence.

The Mississippi Supreme Court affirmed the convictions and sentences November 4, 1999.

*Sullivan v. State*, 749 So.2d 983 (Miss. 1999).

On August 8, 2001, Sullivan  filed with the Mississippi Supreme Court an application for leave to file a post-conviction motion,[1] asserting the following grounds for relief:

1.      Denial of a fair trial by the trial court's allowing amendment of the conspiracy count of the indictment to delete all alleged co-conspirators except Sullivan and Karlton Bradley, and to delete allegations that the crimes occurred in any county other than Forrest and Simpson Counties.

2.      Counsel was ineffective in failing to raise the issue regarding amendment of the indictment on appeal.

3.      Jury Instruction S-4 constructively amended the indictment by allowing Sullivan to be convicted of sale of amphetamine, while the indictment charged him with

---

[1]Mississippi Code Ann. § 99-39-7 provides that when a conviction/sentence has been affirmed on appeal, a motion for post-conviction relief "shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi, convened for said purpose either in term-time or in vacation, and an order granted allowing the filing of such motion in the trial court."

transfer of amphetamine for money in Count III (the sale charge).[2]

4.      Counsel was ineffective in failing to object to S-4 at trial or on appeal.

5.      Counsel was ineffective in failing to object to Sara Bradley's testimony on appeal on  grounds that statements made to her by her husband Karlton Bradley were not in furtherance of the conspiracy.

6.      Jury Instruction S-4 erroneously stated the law and allowed conviction without a finding that Sullivan committed every essential element of sale of amphetamine.

7.      Defense Instructions D-3 and D-4 shifted the burden of proof to the defendant.

8.      Count I of the indictment was void for omitting the essential element "feloniously."

9.      Jury Instruction S-2 was defective in omitting the element "knowingly," and S-3 omitted the element "willfully."

10.     The trial court erred in giving Jury Instructions S-8 and S-9 on flight.

11.     Counsel was ineffective in failing to immediately object to Officer Shelbourn's testimony about other pleas, and his opinion that he and other officers believed Sullivan was guilty.

12.     Counsel was ineffective in failing to impeach Shelbourn with the grand jury transcript.

13.     Errors in grand jury proceedings rendered the indictment void.

14.     The trial court erred in allowing expert testimony from forensic scientist Monica Artis whom the prosecution failed to designate as an expert witness.

15.     The trial court erred in basing Sullivan's sentence in part on the "fact" that Sullivan was found with amphetamines when apprehended in Tennessee.

By order entered August 21, 2002, the Mississippi Supreme Court denied Sullivan's motion,

finding no merit to the asserted grounds for relief and stating:

---

[2]The record repeatedly refers to Counts I and II, however Sullivan was charged in only Counts I and III of the indictment.  Count I was the conspiracy charge, and Count III was the charge of sale of a controlled substance.

The panel finds that the application fails to assert facts showing that counsel's performance was deficient.  See *Strickland v. Washington*, 466 U.S. 668 (1984).  The panel further finds that issues going to the sufficiency of the indictment, the amendment of the indictment, and jury instruction S-4 are barred by failure to raise at trial or on appeal, pursuant to Miss. Code Ann. § 99-39-21(1) (Rev. 2000), and further are without merit.  The panel additionally finds that issues going to the grand jury's returning the indictment are barred by collateral estoppel.  See Miss. Code Ann. § 99-39-21(2) (Rev. 2000).  The panel further finds that issues going to designation of experts and sentencing are barred by res judicata.  See Miss. Code Ann. § 99-39-21(3) (Rev. 2000).

On August 23, 2002, Sullivan filed this petition for habeas corpus, asserting as grounds for relief the same 15 grounds presented in the application for leave to file a post-conviction motion, and adding as a 16th ground for relief, the Supreme Court's denial of that application.

<u>DISCUSSION</u>

Section 2254(a) of Title 28, United States Code, as amended, provides that the court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Federal habeas relief is available to Sullivan only if he is held "in custody in violation of the Constitution or laws or treaties of the United States."  *Engle v. Isaac*, 456 U.S. 107, 118(1981).  A federal habeas court does not sit to review a state court's interpretation of its own law [*Jackson v. Anderson*, 112 F.3d 823, 825 (5th Cir. 1997) *citing Seaton v. Procunier*, 750 F.2d 366, 368 (5th Cir.), *cert. denied*, 474 U.S. 836, 106 S.Ct. 110, 88 L.Ed.2d 90 (1985)], and will take the word of the highest court of the State as to the interpretation of State law on criminal matters.  *Seaton v. Procunier*, 750 F.3d at 368.

<u>Procedural Bar</u>

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal habeas is generally barred if the state

procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631,634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2253-53, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)).  The Mississippi Supreme Court held the claims presented in grounds one, three, six, and eight procedurally barred under Miss. Code Ann. § 99-39-21(1),[3] and ground thirteen barred under Miss. Code Ann. § 99-39-21(2).[4]  The Fifth Circuit has held Mississippi Code Ann. § 99-39-21 provides an independent state procedural bar; whether the bar is "adequate,"  hinges on whether Mississippi has strictly or regularly applied it.  *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997), (citing *Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir.1996)).  Sullivan bore the  "burden of showing the state did not strictly or regularly follow a procedural bar around the time of his appeal," and was required to "demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar"  to his own claims.  *Id.*   This Court does not review state cases applying an independent and adequate state procedural bar unless the petitioner can demonstrate cause for the procedural default which cannot fairly be attributed to him and actual prejudice.   The Court is of the opinion that Sullivan has failed to carry his burden to show an "inconsistent and irregular" application of the Miss. Code Ann. § 99-39-21, and that the issues presented in grounds one, three, six, eight and thirteen are procedurally barred, and not subject to

---

[3]"Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."

[4]"The litigation of a factual issue at trial and on direct appeal of a specific state or federal legal theory or theories shall constitute a waiver of all other state or federal legal theories which could have been raised under said factual issue; and any relief sought under this article upon said facts but upon different state or federal legal theories shall be procedurally barred absent a showing of cause and actual prejudice."

federal habeas review absent exceptional circumstances.  See *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640, 669 (1991); *Sawyers v. Collins*, 986 F.2d 1493, 1499 (5th Cir. 1993).

<u>Jury Instructions</u>

Habeas relief is unwarranted due to erroneous jury instructions unless the petitioner establishes that an improper instruction rises to the level of a constitutional violation.  *Gilmore v. Taylor*, 113 S.Ct. 2112, 2118-19; 124 L.Ed.2d 306, 318  (1993).   "A petitioner must show that the erroneous instruction by itself so infected the entire trial that the resulting conviction violates due process."  *Mayabb v. Johnson*, 168 F. 3d 863 (5th Cir. 1999) citing *Henderson v. Kibbe*, 431 U.S. 145 (1977).

Although the Court has found grounds three and six procedurally barred, Sullivan has also claimed ineffective assistance of counsel with respect to the instruction addressed in those grounds, based on his attorney's failure to object to instruction S-4 at trial or to assign it as error on direct appeal.   Ground three, the claim that jury instruction S-4 constructively amended the indictment by allowing Sullivan to be convicted of *sale* of amphetamine while the indictment charged him with the *transfer* of amphetamine *for money*, merits little discussion.  Under Mississippi controlled substances law, a sale is a transfer for remuneration of any kind.  Miss. Code Ann. §41-29-105(aa) (defining "sale" as "the actual, constructive or attempted transfer or delivery of a controlled substance for remuneration, whether in money or other consideration."). Therefore, a transfer for money *is* a sale.

In ground six, Sullivan claims that Jury Instruction S-4 erroneously stated the law and allowed the jury to convict him without finding he committed every essential element of sale of

amphetamine.  The jury was properly instructed as to the law on aiding and abetting, and it was

not necessary to find Sullivan physically handed the amphetamine to Agent Reeves.  As the

Mississippi Supreme Court stated on direct appeal:

> The jury was instructed and properly so, that a person who consents to the
> commission of a crime and knowingly does an act which aids, assists or
> encourages that crime, or does any act which leads to its commission is tried as a
> principal.  *Berry v. State*, 728 So.2d 568, 570 (Miss. 1999).  The jury was
> instructed that if it found that Karlton Bradley sold amphetamine to Simone
> Reeves and that Sullivan did any act which led to or assisted in that sale of
> amphetamine to Simone Reeves, then Sullivan is guilty of the sale of
> amphetamine.  (Instruction S-4).

*Sullivan v. State*, 749 So.2d at 993.  Jury instructions are not to be read in isolation, but together

as a whole.  *Burton ex re. Bradford v. Barnett*, 615 So. 2d 580, 583 (Miss. 1993).  When read as

a whole, the instructions given in Sullivan's case properly set out the law governing the crimes

with which he was charged, including the law regarding aiders and abettors.  See, *Gray v. State*,

487 So.2d 1304, 1308 (Miss.1986) (when instructions are read together, no error can be

predicated on failure of one instruction to set out properly a necessary element of the crime,

where the element was included correctly in other instructions).  See also, *Coleman v. State*, 697

So. 2d 777, 782 (Miss. 1997).  If all the instructions, taken as a whole, adequately state the

applicable rules of law involved, there is no error.  *Milano v. State*, 790 So. 2d 179, 184 (Miss.

2001).

Sullivan contends he was prejudiced by S-4's "amending" the charge against him to sale

instead of transfer, because it affected his parole eligibility.  Citing Miss. Code Ann. § 47-7-3(1)

(g), Sullivan argues he would have been eligible for parole had he been convicted of transfer

rather than sale of amphetamine.  This argument is without basis in law.  At the time of

Sullivan's crimes and convictions, Miss. Code Ann. § 47-7-3(1) (g) stated:

"No person shall be eligible for parole who is convicted ... after June 30, 1995."  Miss. Laws 1995, ch. 596 §3.   The exception added to the statute by amendment in 2001, provides that offenders convicted of nonviolent crimes *after* January 1, 2000 *may* be eligible for parole. Sullivan was not convicted after January 1, 2000.

Ground seven charges that defense instructions D-3 and D-4 shifted the burden of proof to Sullivan in his criminal trial.  Each of these instructions begins, "The Court instructs the jury that you are here today to decide ***whether the State has proved beyond a reasonable doubt*** that the Defendant, Thomas Sullivan is guilty ..."  Neither of these instructions required Sullivan to prove his innocence, as he asserts.

In ground nine, Sullivan contends jury instruction S-2 was defective in omitting the element "knowingly," and S-3 in omitting  the element "willfully."   Instruction S-2 advised the jury that if it found from the evidence beyond a reasonable doubt that Sullivan "willfully, unlawfully and feloniously agreed ...with Karlton Bradley to commit a crime," and that "the object of such conspiracy was to wilfully, unlawfully, feloniously, *knowingly* and intentionally sell ... Amphetamine to another person," they should find Sullivan guilty of conspiracy. Instruction S-3, addressing the conspiracy charge, requires that the State prove by evidence beyond a reasonable doubt that Thomas Sullivan and Karlton Bradley  "knowingly and voluntarily entered into a common plan with the understood purpose to commit a crime...." Under Mississippi law, "wilfully" and "purposely or knowingly" have substantially the same meanings; a wilful act is one that is done knowingly and purposely.  *Davis v. State*, 909 So. 2d 749 (Miss. App. 2005) (no error in omitting "knowingly" from instruction which used the words "wilfully and feloniously"), citing *Ousley v. State*, 154 Miss. 451, 122 So. 731 (Miss. 1929)("It is

inconceivable that an act willfully done is not also knowingly done.")    The Mississippi Supreme

Court has also held,  "A sufficient definition of conspiracy is 'a combination of persons to

accomplish an unlawful purpose or a lawful purpose unlawfully.'"  *Southern Christian*

*Leadership Conference, Inc. v. A. G. Corp.*, 241 So.2d 619 (Miss. 1970), citing  *Mississippi*

*Power and Light Company v. Town of Coldwater*, 234 Miss., 615, 636, 106 So.2d, 375, 1958.

Ground ten asserts that the trial court erred in granting jury instructions S-8 and S-9 on

flight.   Prior to his arrest, Sullivan testified he lived with his mother and  worked for his brother,

making about $90 a day.  He stated he was a cocaine addict, and spent all his money buying

cocaine from Karlton Bradley, yet a few days after he was arrested, he posted a $150,000 bail.

He failed to appear for arraignment, and when he learned his bond was being revoked, he

admittedly left the state to avoid going to jail.  He testified he worked odd jobs in Texas for a

while and stayed at a girlfriend's in Memphis.  According to the testimony adduced at trial, law

enforcement officers looked for him for almost a year before he was eventually located at a motel

in Tennessee.  Even then, he ran from the officers who came to arrest him,  jumped a fence and

broke his leg in trying to evade them.  Sullivan states in the traverse of his habeas petition that,

"He was hooked on cocaine and knew that he would be unable to supply his habit in jail so,

rather than turn himself in, [he] fled to Tennessee."   Although Sullivan did not offer this

explanation for his flight during his trial testimony, he contends it is sufficient to make the flight

instructions inappropriate.  Instruction S-8 is a one-sentence definition of "flight" under

Mississippi law.  Instruction S-9 told the jury that "flight is a circumstance from which guilty

knowledge and fear may be inferred," and if the jury found from the evidence beyond a

reasonable doubt that Sullivan fled or went into hiding, they were to consider that in connection

with all other evidence in the case, and to "determine from all of the facts whether the flight was from a conscious sense of guilt or whether it was caused by other things, and give it such weight as [the jury] think it is entitled to in determining the guilt or innocence of Thomas Sullivan."

By his own testimony, Sullivan fled to avoid incarceration when he learned his bond was revoked.  Flight instructions have been upheld in cases where proffered explanations were uncorroborated or unsupported by other than a defendant's own words.  See *Reynolds v. State*, 658 So.2d 852 (Miss. 1995); *Evans v. State*, 579 So.2d 1246 (Miss. 1991); *Brock v. State*, 530 So.2d 146 (Miss. 1988); *Austin v. State*, 784 So.2d 186 (Miss. 2001).  And instructions identical to those given in Sullivan's case were approved in *Brown v. State*, 690 So.2d 276, 293-94 (Miss. 1996), where Brown's explanation for his flight was that he feared someone was going to kill him.

Ineffective Assistance of Counsel

Sullivan asserts numerous instances of  ineffective assistance of counsel at trial or on direct appeal.  The Mississippi Supreme Court, in denying Sullivan leave to file a post-conviction motion, denied Sullivan's ineffective assistance claims on the merits.  Section 104(3) of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), provides that habeas relief under Section 2254:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme  Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts  in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The operative subsection in the case at bar is (d)(1) which applies to

mixed questions of law and fact.  *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied* 520 U.S. 1107, 117 S.Ct. 114, 137 L.Ed. 2d 315 (1997).   To be "contrary to" clearly established Federal law, a state court's conclusion must be "opposite to that reached by [the U.S. Supreme Court] on a question of law" or different from that of the U.S. Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).   Under the "unreasonable application" standard of review of a state court decision, a federal habeas court "may grant the writ if the state court correctly identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the prisoner's case."  *Williams v. Taylor*, 120 S.Ct. at 1521.   The question is whether the state court's application of clearly established federal law was objectively unreasonable, not merely an incorrect or erroneous application of federal law.   *Id*. at 1521-1522.  See also, *Ramdass v. Angelone*, 530 U.S. 156, 120 S.Ct. 2113 (2000); *Chambers v. Johnson*, 218 F.3d 360 (5th Cir. 2000); *Penry v. Johnson*, 215 F.3d 504, 507-09 (5th Cir. 2000); *Hill v. Johnson*, 210 F.3d 481 (5th Cir. 2000.   Unless the Court finds such an unreasonable application, the state court factual findings are presumed correct.  *Knox v. Johnson*, 224 F.2d 470 (5th Cir. 2000).

Sullivan asserts in grounds two and four through fifteen, that he was denied effective assistance of counsel.  The Mississippi Supreme Court's order found Sullivan's ineffective assistance claims did not meet the standard of *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, to merit habeas corpus relief, a petitioner must satisfy a two-prong test:  he must demonstrate constitutionally deficient performance by counsel, and actual prejudice as a result of such ineffective assistance.  See also, *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994).  Failure to establish both prongs of the test warrants rejection of the claim.  *Moawad v.*

*Anderson*, 143 F.3d 942, 946 (5th Cir. 1998; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir.

1986).   Sullivan was therefore required to make a showing that counsel's errors were "so serious

as to deprive [him] of a fair trial, a trial whose result is reliable," (*Strickland*, 466 U.S. at 687)

and demonstrate a reasonable probability that but for counsel's errors, the results of his trial

would have been different.  *Id.*, at 694.  An error by counsel, even if professionally unreasonable,

does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on

the judgment.  *Summit v. Blackburn*, 795 F.2d 1237, 1242 (5th Cir. 1986).  A habeas petitioner

must affirmatively plead such resulting prejudice.  *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir.

1988).

      Sullivan asserts in ground two that his counsel was ineffective in failing to appeal the

amendment of the indictment deleting  all alleged co-conspirators other than Sullivan and

Karlton Bradley and limiting the venue of the conspiracy to Simpson and Forrest Counties,

where Sullivan and Bradley lived.  The amendment  did not change the essence of the crime with

which Sullivan was charged, nor did it prejudice his defense.  See *Oby v. State,* 827 So.2d 731

(Miss. App. 2002) (upholding amendment of indictment to change weight of cocaine possessed

which affected only the potential penalty, but did not change the essence of the offense).  From

the beginning, Sullivan was charged with conspiring with Karlton Bradley to commit the felony

of transfer of amphetamine for money.  Sullivan's defense was that he did not so conspire with

Bradley, nor did he provide Bradley with amphetamine for sale to another.  He admitted he knew

Bradley, but claimed that was because Bradley supplied him with cocaine, to which he was

addicted.  Sullivan testified that is why he communicated and met with Bradley.  This is how he

explained the intercepted telephone calls to and from Bradley which were introduced into

evidence, and how he explained the roadside meetings with Bradley in Simpson County on May 29 and June 13 which were observed by surveillance teams.  The telephone calls between Sullivan and Bradley immediately preceded Bradley's trips to see Sullivan, and Bradley's delivery of amphetamine to undercover Agent Reeves upon his return from those trips.  Sarah Bradley accompanied  her husband Karlton on both these trips to meet Sullivan.  She watched as Karlton  met with Sullivan in the latter's truck, and testified that after each meeting Karlton picked up from the roadside near Sullivan's truck the newspapers in which the pasty amphetamine was concealed.   Agent Reeves testified about her calls to and from Bradley about buying amphetamine which immediately preceded and followed Bradley's meetings with Sullivan, and about her going to Bradley's home to make the buys.   Sullivan denied providing amphetamines to Bradley altogether.  The amendment of the indictment did not compromise Sullivan's defenses against the charge that he conspired with Bradley, they were as available to him after the amendment as they were before.  Where there is no underlying violation of some right, counsel cannot be found ineffective for failing to protect the alleged right.  See, *e.g., Carter v. Johnson*, 110 F.3d 1098, 1112 (5th Cir. 1997).

There is likewise no merit to Sullivan's claim of ineffective assistance in ground 4, for his attorney's failure to raise instruction S-4 on appeal.  As discussed above, the instruction correctly stated the charge against Sullivan, and correctly stated the law.  Sullivan's attorney cannot  be found constitutionally deficient for failing to appeal this issue.

In ground five, Sullivan claims his counsel was ineffective in failing to appeal the admission of  Sara Bradley's testimony on  grounds that statements made to her by her husband Karlton Bradley were not in furtherance of the conspiracy.  The Court would first note that

although Mrs. Bradley's testimony spans pages 500-554 of the record, the jury was out during the proceedings recorded from pages 515-529.  Her actual testimony centered around identifying the speakers in several tape-recorded telephone conversations, and the events of the two days on which the crimes were alleged to have been committed by Sullivan.  Those events were:

Monica[5] called Karlton (about which Agent Reeves had already testified).

They had no amphetamine in the Bradley home.

Karlton called Sullivan (as corroborated by the taped phone calls which had already been introduced).

Karlton told Sarah they needed to go see Sullivan to pick up some amphetamine.

Sarah and Karlton went to Simpson County and met Sullivan on the roadside near his home (as corroborated by the surveillance team).

Karlton got into Sullivan's truck for a few minutes, then came back and told Sarah they needed to pick up the newspaper on the side of the road, that the amphetamine was in it.

Karlton picked up the newspaper, and the baggy of pasty amphetamine was in it each time (Karlton handed the drugs to Sarah one time and told her to hide it when they saw a policeman stop Sullivan's truck as they were leaving).

The Bradleys returned home to Forrest County, and Karlton paged Monica.

Monica came over and she and Karlton went to the bedroom to conduct business.

The amphetamine was no longer in the house after Monica left.

Sarah's testimony as to what Karlton told her consists essentially of his statements that they had to go see Sullivan to get amphetamine, and that they had to pick up the newspaper from the roadside.  Both these statements were explanatory of the actions they took.  The Mississippi Supreme Court decided this issue on the merits, and this Court finds no unreasonable application of clearly established federal law with respect to this issue.

---

[5]Monica is the name used by Agent Reeves while undercover.

In ground eight, Sullivan contends that Count I (the conspiracy charge) of the indictment was void for omitting the essential element "feloniously."   This issue is readily resolved by reference to Mississippi law and the indictment at issue.   Under Mississippi law, when two or more persons conspire to commit a crime, it is a felony *unless* the crime conspired to be committed is a misdemeanor.  Miss. Code Ann. § 97-1-1.  Sullivan's indictment alleges he conspired with Bradley "to commit a felony;" *i.e.*,  "to willfully, unlawfully, *feloniously*, knowingly and intentionally sell amphetamine (a Schedule II controlled substance) to another person...."  [R. 17].   Counsel cannot be held ineffective for failing to raise meritless objections. *Clark v. Collins*, 19 F.3d  959, 966 (5th Cir. 1994).

Sullivan's argument of ineffective assistance of counsel in ground nine, founded upon his claim that jury instruction S-2 and S-3 were defective for respectively omitting the words "knowingly," and "willfully," has been fully addressed above.  The underlying attorney error alleged is baseless, and cannot serve as a foundation for finding counsel ineffective.

Insofar as Sullivan claims ineffective assistance with respect to the granting of the flight instructions set out in ground ten, that issue has been discussed above, and this Court finds that Sullivan has failed to show that those instructions were of constitutional magnitude sufficient to cast doubt on his conviction or warrant habeas relief.

In ground eleven, Sullivan claims his attorney was ineffective in failing to immediately object to Officer Shelbourn's testimony about other pleas or convictions resulting from the undercover operations which also led to the cases against Sullivan.[6]  The record shows that counsel did object moments later, while the jury was out of the courtroom, and moved for a

---

[6]Sarah Bradley had already testified she had pled guilty, and been questioned extensively about the deal the prosecution made with her.

mistrial because of the testimony.   The trial court denied the motion, but offered to instruct the jury to disregard it. [R. 626-627].   Counsel declined the offer because he felt it would draw too much attention to the testimony.  [R. 630]   This might well have been a strategic reason for his delay in making the objection in the first place.  Although the court denied the motion for mistrial, it did admonish the prosecution not to argue the issue to the jury unless the defense brought it up first.   The Mississippi Supreme Court found no merit to this allegation of ineffective assistance, nor does this Court so find.

Sullivan claims in ground twelve that his attorney was ineffective in failing to impeach Officer Shelbourn's testimony that Sullivan was Bradley's sole source for amphetamines with the grand jury transcript.  Sullivan cites *Nixon v. Newsome*, 888 F.2d 112, 116 (11th Cir. 1989), which found ineffective assistance of counsel in the failure to impeach a witness with a prior inconsistent statement.  Sullivan does not allege any prior inconsistent statement by Shelbourn. Instead he claims his attorney should have "impeached" Shelbourn's testimony with the grand jury testimony of Bill East.  If that is impeachment, then Sarah Bradley's testimony impeached Shelbourn's since she testified Karlton bought amphetamine from several people, but that he got the pasty amphetamine only from Sullivan.   This Court finds no ineffective assistance of counsel with respect to this issue.

Sullivan also claims ineffective assistance of counsel in ground thirteen, which  alleges that errors in the grand jury proceedings render the indictment void.  Sullivan claims that Pike County Circuit Clerk Roger Graves, who was appointed to serve as clerk of the state grand jury, was never sworn in as the clerk of said grand jury, therefore he was without authority to lawfully swear in the foreperson of the grand jury, and she was likewise without authority to swear in the witnesses who testified before the grand jury, hence the indictments returned by the grand jury

are void.  Sullivan cites, with respect to this argument, Miss. Code Ann. § 9-7-121.   That statute simply requires that a circuit clerk take the oath of office before entering upon the duties of circuit clerk, which the record indicates Mr. Graves did, as he was the "duly elected, *sworn* and acting Circuit Clerk of Pike County, Mississippi..." and had been such for several years prior to the events involved in this case.   [R. 208]   Sullivan has presented no authority requiring any additional oath of a circuit clerk who is appointed to serve as clerk of a state grand jury under Miss. Code Ann. § 13-7-13.  Counsel was not constitutionally deficient for failing to raise this issue.  Counsel is not rendered ineffective merely because he does not raise every possible point on appeal, nor because he does not raise issues requested by the defendant.  *Green v. Johnson,* 116 F.3d 1125, 1126 (5th Cir. 1997)*; Sharp v. Puckett*, 930 F.2d 450, 452 (5th Cir. 1991).

In ground fourteen, Sullivan asserts his counsel was ineffective in not appealing the trial court's ruling allowing crime lab forensic scientist Monica Artis to testify although the prosecution had not designated her as an expert witness.  Counsel moved to exclude the testimony, but conceded at the hearing on the motion that the prosecution had provided him the scientist's report.  Her evidence then, was not previously undisclosed, and her testimony came as no surprise.   Counsel is not ineffective merely because he does not present every conceivable issue on appeal.

Sullivan claims in ground fifteen that the trial court denied him the right to cross-examination and confrontation by basing his sentence, in part, on the fact that he had amphetamine in his possession when he was apprehended in Tennessee.  First, it should be noted that following the jury verdicts, the trial court ordered a presentence investigation before sentencing Sullivan.  After the Court sentenced him, Sullivan's attorney moved for

reconsideration on grounds that the sentence was disproportionate.[7]  It was at this point that the

trial court stated its reasons for the sentence imposed:

> The defendant is not being penalized, for going to trial....  The Court is very aware
> that Mr. Sullivan, after being charged in this case, absented himself from the
> jurisdiction of this Court for some months.  Also, the Court is very aware of the
> fact that after he was apprehended, he made bond two days later in the amount of
> $150,000....  The Court is well aware of the fact that he absented himself and was
> finally apprehended in Memphis, Tennessee almost a year later, and at the time he
> was apprehended in the State of Tennessee, instead of submitting to arrest, he
> attempted to escape them and hurt himself jumping over a fence and falling about
> 15 feet on the concrete.  I'm also aware that at the time he was apprehended in
> Memphis, he had in his possession amphetamine, and he specifically testified in
> Court that he did not use amphetamine, that he used cocaine, so that leads to only
> one conclusion in the Court's mind, and I don't think that the sentence that the
> Court has placed upon him is in any way unfair, considering all the facts in this
> case.  The motion will be overruled.

*Sullivan v. State*, 749 So.2d at 996.   Sullivan responded in the negative when asked if he had

anything to say prior to sentencing.  No testimony was taken at the time of sentencing, thus there

can be no denial of the right of confrontation and cross-examination.  The sentence imposed is

within the statutory penalties for the crimes of which Sullivan was convicted. The Mississippi

Supreme Court found no error in the sentencing on direct appeal, nor on motion for post-

conviction relief.   This Court finds no merit in this issue.

Ground sixteen asserts the Supreme Court's denial of post-conviction relief conflicts with

the clearly established federal law of *Strickland v. Washington* on the claims of ineffective

assistance of counsel.  This Court finds Sullivan has failed to state a meritorious claim of

ineffective counsel, and has not shown the state court's application of  law was unreasonable.

---

[7]The attorney argues that Karlton Bradley received concurrent sentences totaling only fifteen years for two
conspiracies and seven sales of controlled substances.

## NEED FOR AN EVIDENTIARY HEARING

When, as here, a petitioner for relief under Title 28 U.S.C. § 2254 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *See U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).  Accordingly, Petitioner's claims in this case do not merit an evidentiary hearing.

## RECOMMENDATION

Having considered the Petition, Respondent's answer, the record, and the relevant legal authority, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED AND THIS MATTER BE DISMISSED.**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file  written objections to the proposed findings,

conclusions, and recommendation contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed **factual findings and legal conclusions** accepted by the district court.

*Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 24th day of February, 2006.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE