IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

THOMAS ETHREN SULLIVAN

VS.                                                                                           NO. 2:02cv720-KS-RHW

STATE OF MISSISSIPPI
AND ROBERT JOHNSON


ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING PETITION WITH PREJUDICE

On this date, this Court considered United States Magistrate Judge Robert H. Walker's Proposed Findings of Fact and Recommendations in regard to the application of Thomas Ethren Sullivan for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254, filed August 23, 2002. Following a timely Answer and Traverse the Magistrate Judge entered his Proposed Findings of Fact and Recommendations on February 24, 2006. Objections were filed by Petitioner to the Proposed Findings of Fact and Recommendations on April 17, 2006, and the Respondent gave notice of no response to be filed.

STANDARD OF REVIEW

When a party objects to a Proposed Findings of Fact and Recommendations the Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also, *Longmire v. Guste,* 921 F. 2d 620, 623 (5th Cir. 1991)(Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made."). Such a review means that the Court will examine the entire record and will make an independent assessment of the law.

1

The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F. 2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Comm'n,* 834 F. 2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F. 3d 290, 293 (5th Cir. 1993).

<u>PETITIONER'S OBJECTIONS</u>

Sullivan's objections to the Magistrate's Proposed Findings of Fact and Recommendations are as follows:

GROUND 1: SULLIVAN WAS DENIED A FAIR TRIAL WHEN THE PROSECUTION WAS PERMITTED TO MAKE A MATERIAL CHANGE IN COUNT 1 OF THE INDICTMENT MID-TRIAL.

GROUND 2: THOMAS SULLIVAN WAS DENIED EFFECTIVE COUNSEL ON APPEAL WHEN HIS LAWYER FAILED TO RAISE THE ISSUE OF THE AMENDED INDICTMENT.

GROUND 3: THE JURY INSTRUCTION ON COUNT III CONSTRUCTIVELY AMENDED THE INDICTMENT. COUNT III OF THE INDICTMENT CHARGED SULLIVAN WITH THE TRANSFER OF AMPHETAMINES; THE INSTRUCTION, HOWEVER, ALLOWED CONVICTION FOR THE SALE OF AMPHETAMINES.

GROUND 4: TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO INSTRUCTION S-4 AT TRIAL OR ON APPEAL.

GROUND 5: TRIAL COUNSEL WAS INEFFECTIVE ON APPEAL FOR FAILING TO OBJECT TO SARA BRADLEY'S TESTIMONY ON THE GROUNDS THAT KARLTON'S STATEMENTS TO HER WERE NOT IN FURTHERANCE OF THE CONSPIRACY.

GROUND 6: THE AIDING AND ABETTING INSTRUCTION ERRONEOUSLY STATED THE LAW AND ALLOWED SULLIVAN TO BE CONVICTED WITHOUT A FINDING THAT HE COMMITTED EVERY ESSENTIAL ELEMENT OF THE OFFENSE AND COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO IT.

GROUND 7:   INSTRUCTIONS D-3 AND D-4 SHIFTED THE BURDEN OF PROOF TO THE DEFENDANT IN VIOLATION OF SULLIVAN'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL.  MOREOVER COUNSEL WAS INEFFECTIVE IN REQUESTING THESE INSTRUCTIONS.

## ANALYSIS

### FACTS OF UNDERLYING OFFENSE

Petitioner, Thomas Ethren Sullivan ("Sullivan") was indicted by a statewide grand jury for conspiracy to sell and sale of amphetamine to undercover narcotics officer Simone Reeves ("Reeves").  Reeves would contact Karlton Bradley ("Bradley"), the unindicted co-conspirator, and request drugs. Bradley would then call Sullivan and arrange for the delivery of same. Bradley and his wife, Sarah, would later drive to meet with Sullivan in Sullivan's truck and then Bradley would come back to his truck and he and Sara would pick up a piece of newspaper lying on the road which contained the amphetamines. Bradley would then deliver the drugs to Reeves in exchange for cash.

### PROCEDURAL HISTORY

Sullivan was convicted by a Forrest County jury of the crimes of conspiracy to sell and sale of amphetamine and was sentenced to consecutive terms of ten (10) and fifteen (15) years, respectively, and fines totaling $50,000.00. There were eleven assignments of error in the direct appeal and the conviction was affirmed by the Mississippi Supreme Court on November 4, 1999. ( *Sullivan v. State*, 749 So. 2d 983 (Miss. 1999)).

Subsequently, a petition for post conviction relief was filed by Sullivan which was denied on August 21, 2002, by the Mississippi Supreme Court. Its order stated:

> The panel finds that the application fails to assert facts showing that counsel's performance was deficient. The panel further finds

3

>that issues going to the sufficiency of the indictment, the
>amendment of the indictment and jury instruction S-4 are barred by
>failure to raise at trial or on appeal, pursuant to Miss. Code Ann. §
>99-39-21(1) (Rev. 2002), and further are without merit. The panel
>additionally finds that issues going to the grand jury's returning the
>indictment are barred by collateral estoppel.  See Miss. Code Ann
>§ 99-39-21(2) (Rev. 2000).  The panel further finds that issue
>going to designation of experts and sentencing are barred by res
>judicata.  See Miss. Code Ann. § 99-39-21(3).  (Rev. 2000).

Following said denial Sullivan has timely petitioned this Court for a Writ of *Habeas Corpus*.  On February 24, 2006, Magistrate Judge Robert H. Walker submitted his proposed Findings of Fact and Recommendations.  On April 17, 2006, Sullivan filed objections to the Proposed Findings of Fact and Recommendations alleging the seven grounds for rejecting same.  He also objected to the finding of procedural bar by the Magistrate Judge and alleged an unreasonable application of clearly established federal law or decision based on unreasonable determination of the facts.  This Court will address these issues separately and *de novo*.

## PROCEDURAL BAR

On August 8, 2001, Sullivan filed with the Mississippi Supreme Court an application for leave to file a post conviction motion asserting fifteen separate grounds.  These are as follows:

1. Denial of a fair trial by the trial court's allowing amendment of the conspiracy count of the indictment to delete all alleged co-conspirators except Sullivan and Karlton Bradley, and to delete allegations that the crimes occurred in any county other than Forrest and Simpson Counties.

2. Counsel was ineffective in failing to raise the issue regarding amendment of the indictment on appeal.

3. Jury Instruction S-4 constructively amended the indictment by allowing Sullivan to be convicted of sale of amphetamine, while the indictment charged him with transfer of amphetamine for money in County III (the sale charge).

4. Counsel was ineffective in failing to object to S-4 at trial or on appeal.

4

5. Counsel was ineffective in failing to object to Sara Bradley's testimony on appeal on grounds that statements made to her by her husband Karlton Bradley were not in furtherance of the conspiracy.

6. Jury Instruction S-4 erroneously stated the law and allowed conviction without a finding that Sullivan committed every essential element of sale of amphetamine.

7. Defense Instructions D-3 and D-4 shifted the burden of proof to the defendant.

8. Count I of the indictment was void for omitting the essential element "feloniously."

9. Jury Instruction S-2 was defective in omitting the element "knowingly," and S-3 omitted the element "willfully."

10. The trial court erred in giving Jury Instructions S-8 and S-9 on flight.

11. Counsel was ineffective in failing to immediately object to Officer Shelbourn's testimony about other pleas, and his opinion that he and other officers believed Sullivan was guilty.

12. Counsel was ineffective in failing to impeach Shelbourn with the grand jury transcript.

13. Errors in grand jury proceedings rendered the indictment void.

14. The trial court erred in allowing expert testimony from forensic scientist Monica Artis whom the prosecution failed to designate as an expert witness.

15. He trial court erred in basing Sullivan's sentence in part on the "fact" that Sullivan was found with amphetamines when apprehended in Tennessee.

Ruling on the application, the Mississippi Supreme Court found Grounds 1, 3, 6, and 8 procedurally barred under Miss. Code Ann. § 99-39-21(1)[1] and Ground 13 procedurally barred

---

[1]"Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."

under Miss. Code Ann. § 99-13-21(2).[2]

With the issue of procedural bar, Sullivan bears the burden of proof. He must establish an inconsistent and irregular application of § 99-39-21 of the Mississippi Code. As to Ground 1 - denial of a fair trial by the trial court's allowing amendment of the conspiracy count of the indictment to delete all alleged co-conspirators except Sullivan and Karlton Bradley, and to delete allegations that the crimes occurred in any county other than Forrest and Simpson Counties - Sullivan bears the burden of showing that the state "clearly and unequivocally excuses the procedural default." *Amos v. Scott*, 61 F. 3d 333, 342 (5th Cir. 1995). While Sullivan cites some instances in which the Mississippi Appeals Courts have addressed plain error and/or considered issues that may have been covered by the procedural bar, he points to no authority that is analogous to the case before this Court.

The main thrust of the argument is that the trial court erred in allowing the case to go to the jury on a conspiracy between Sullivan and one unindicted co-conspirator and not requiring it to go to the jury as to all of the originally indicted conspirators.

**Sullivan's Ground One in the objection to the Proposed Findings of Fact and Recommendations by the Magistrate Judge is**: "Sullivan was denied a fair trial when the prosecution was permitted to make a material change in Count One of the indictment mid-trial."

**Ground Two is:** that Sullivan was denied effective counsel on appeal when his lawyer failed to raise the issue of the amended indictment.

---

[2]"The litigation of a factual issue at trial and on direct appeal of a specific state or federal legal theory or theories shall constitute a waiver of all other state or federal legal theories which could have been raised under said factual issue; and any relief sought under this article upon said facts but upon different state or federal legal theories shall be procedurally barred absent a showing of cause and actual prejudice."

It must be remembered that the procedural bar applied here with § 99-39-21(1) does not address the substantive law of the state. In the current context it only addresses the incompetency of counsel for not raising the issue either at trial or on appeal. The primary authorities for Sullivan's allegation are the Mississippi Supreme Court's decisions in *Banks v. State*, 726 So. 2d 567 (Miss. 1998) and *Lee v. State*, 756 So. 2d 744 (Miss. 1999). Sullivan must show that his attorney was ineffective in his not raising this issue before the Mississippi Supreme Court in order to have a viable habeas claim on this point. *Banks* was decided June 11, 1998, and *Lee* was decided in 1999. Sullivan was sentenced on March 11, 1998. *Banks* reversed the Mississippi Court of Appeals which had affirmed Corey Banks' conviction. The attorney was, in fact, following current Mississippi precedent at the time of trial and it cannot be said that he was deficient in his performance and representation of Sullivan. On appeal the performance of counsel does not rise to the level of a constitutional violation. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). This Court finds that the procedural bar is applicable and appropriately applied by the Mississippi Supreme Court and, subsequently, the Magistrate Judge.

This Court further finds that Ground Two "that counsel was ineffective in failing to raise the issue regarding the amendment of the indictment on appeal" is without merit.

**Ground Three of Sullivan's objection is as follows:** "The jury instruction on Count Three constructively amended the indictment. Count Three of the indictment charged Sullivan with the transfer of amphetamines; the instruction, however, allowed conviction for the sale of amphetamines."

**Ground Four of Sullivan's objection states**: "Trial counsel was ineffective in failing to object to Instruction S-4 at trial or on appeal."

Sullivan's objection is that the indictment charged "sale" and the conviction was for "transfer of amphetamine for money." Here again the burden is on Sullivan to show that there has been an inconsistent enforcement of the procedural bar of 99-39-21(1) by the Mississippi Supreme Court. Sullivan fails to point this Court to any case law analogous with the objection made here. To sell and to transfer for money are covered by § 41-29-105(aa) which defines sale: "'Sale', 'sell' or 'selling' means the actual, constructive or attempted transfer or delivery of a controlled substance for remuneration whether in money or other consideration."

This issue was not raised by the attorney. The Magistrate Judge, in his Proposed Findings of Fact and Recommendations, stated, "as to this issue 'it merits little discussion.'" It is inconceivable that this would be any more than harmless error if, in fact, it is error at all. To say that counsel was ineffective for failing to raise this in the trial court or on appeal is not justified by the facts. The procedural bar on Issue Three and Four is proper.

**Ground Five is:** alleged in the Objection to the Proposed Findings of Fact and Recommendations is as follows: "Trial counsel was ineffective on appeal for failing to object to Sarah Bradley's testimony on the grounds that Karlton's statements to her were not in furtherance of the conspiracy."

This issue was specifically addressed by the Mississippi Supreme Court. *Sullivan* at 988-989. As did the Magistrate Judge, this Court finds no unreasonable application of clearly established federal law with respect to this issue. The Magistrate Judge correctly went through the testimony of Sarah Bradley and found that there was no error. Hence, it was not ineffective assistance of counsel for Sullivan's attorney not to object.

**Ground Six is:** "the aiding and abetting instruction erroneously stated the law and

allowed Sullivan to be convicted without a finding that he committed every essential element of the offense and counsel was ineffective in failing to object to it."

This Court has reviewed the Magistrate's Proposed Findings of Fact and Recommendations regarding Ground Six, as well as the objections made by Sullivan. The Magistrate Judge has throughly gone through an analysis of this issue. This Court finds no reason to reject the Magistrate's Proposed Findings of Fact and Recommendations and concurs that this issue is without merit.

**Ground Seven is:** "Instructions D-3 and D-4 shifted the burden of proof to the defendant in violation of Sullivan's rights to due process and fair trial. Moreover, counsel was ineffective in requesting these instructions."

Jury instructions must be read as a whole. Also, oftentimes jury instructions are requested as part of a defendant's trial strategy. The Magistrate Judge, as well as the Mississippi Supreme Court, found that the jury instructions were not erroneous. This Court has reviewed the reasoning of both the Supreme Court and the Magistrate Judge and finds that there has been no instruction given that rises to the level of a constitutional violation. It appears from what this Court has seen that the defendant's trial strategy was to establish that a sale of drugs may have occurred, but that Sullivan did not do it. The jury was properly instructed on aiding and abetting and heard a large volume of testimony regarding the facts and circumstances of how the ultimate delivery of the drugs to Reeves occurred. Simply put, this was a jury question and the jury instructions when read as a whole, do not deprive Sullivan of his constitutional rights. His counsel was not ineffective in the way he handled the jury instruction issue.

<u>CONCLUSION</u>

As required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Sullivan's objections lack merit and should be **overruled**. This Court further concludes that the Proposed Findings and Fact and Recommendations are an accurate statement of the facts and a correct analysis of the law in all regards. Therefore, this Court accepts, approves and adopts the Magistrate Judge's Factual Findings and Legal Conclusions contained in the Findings of Fact and Recommendations.

Accordingly, IT IS ORDERED that United Magistrate Judge Robert H. Walker's Proposed Findings of Fact and Recommendations are accepted pursuant to 28 U.S.C. § 636(b)(1) and Thomas Ethren Sullivan's claim is dismissed with prejudice. All pending motions are denied as moot.

SO ORDERED on this, the 22th day of September, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE